Evans, J.
delivered the opinion of the Court.
It is very clear that, by the common law, in an action by the seller for the price of any article sold and delivered, the buyer cannot defend himself on the ground that there has been a breach of the warranty, unless he has returned it or tendered it back — the cases wherein a tender will suffice for this purpose, are set down in Carlin & Harden v. Walker, 2 Rich. 40. Nor can he recover back the purchase money in an action for money had and received in those cases where it has been paid, but in all cases where he retains the article purchased, he must pay the price and sue for a breach of the warranty. The contract must be at an end before the buyer can defend himself for a breach of the warranty, or sue in general assumpsit. But a set off or discount is a cross action, and it has always been held in this State that a purchaser may defend himself by discount against an action for the price, by proving a breach of the warranty. Our discount law is more comprehensive than the English statute of set-off, and sufficient to embrace this species of defence. In this case the pleadings have not been brought to the view of the Court, and I presume the defence on the Circuit was offered under a proper state of pleading. The question ar *250 gued was, whether the defendant could in any case avoid •the payment of the whole price without a return or tender. In the case of Carlin 8f Harden v. Walker, it is suggested as prudent that the offer to rescind should be made, but all our cases agree that an action may be brought for breach of warranty without a tender or return, and the same rule applies when the same defence is made under our discount law. The effect is, that the buyer keeps the article purchased, but he must pay for it such price as it may be worth in its unsound or defective state. Under this view of the law it is very clear the defendant was entitled to have an abatement of the price on account of the deficiency of the thresher and mills, for the price of which he was sued, if the evidence satisfied the jury that there was a breach of the warranty. In cases like this, there are two issues. The first is on the plaintiff’s case: has there been a sale, or what was the price to be paid. The second is on the defendant’s discount: — -1. Was there a warranty? 2. Has there'been a breach? 3. How much is the article diminished in value by the breach of the warranty? In this way the issues between the parties are decided, and the jury render a verdict for so much as the thing is worth. If the breach of warranty be established, or if, as seems to have been the case here, the purchaser was already paid as much as the articles sold are worth, the verdict should be for the defendant. We do not see that any rule of law has been violated by the verdict, and the motion for a new trial must be dismissed, and it is so ordered and adjudged.
Richardson, J. O’Neall, J. Waedlaw, J. Frost, J. and Withers, J. concurred.

Motion refused.